**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-25907-ALTMAN/Hernandez**

**CAPCOM CO., LTD.**,

      *Plaintiff*,

*v.*

**THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A**,

      *Defendants*.

_____/

### **ORDER**

This matter is before the Court on Plaintiff's Renewed Motion to Expedite Discovery (the "Motion").[1] [ECF No. 26]. The Court has carefully reviewed the Motion, the record, and is otherwise fully advised in the matter. For the following reasons, the Motion is **GRANTED.**

On December 16, 2025, Plaintiff filed its complaint against the Schedule A Defendants, alleging infringement and counterfeiting of its federally registered trademarks and copyrighted works (the "Complaint"). [ECF No. 1]. The Complaint accuses the Schedule A Defendants of advertising, marketing, and selling counterfeit versions of Plaintiff's trademarked and copyrighted products through e-commerce stores operated under "Seller Aliases," which Plaintiff says serve to disguise the Schedule A Defendants' true identities. *See id.* ¶ 4, 21. Plaintiff requests limited expedited discovery from third-party e-commerce platforms hosting Schedule A Defendants' Seller Aliases so it may learn their identities and effect service. [ECF No. 26 at 2–3.]

Under Federal Rule of Civil Procedure 26(d), a party may seek leave of court to conduct discovery before engaging in a Rule 26(f) discovery conference. Fed. R. Civ. P. 26(d). District courts

---

[1] The Honorable Roy K. Altman referred the Motion to us. [ECF No. 27].

have broad discretion in this area, *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015), and generally permit expedited discovery upon a showing of good cause, *Liangsword Ltd. v. P'ships, Unincorporated Ass'ns Identified on Schedule A*, No. 24-60618-CIV, 2024 WL 4486021, at *1 (S.D. Fla. May 14, 2024).  The Court's good cause analysis considers the following factors:

> (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.

*Pulsepoint, Inc. v. 7657030 Canada Inc.*, No. 13-61448-CIV, 2013 WL 12158589 (S.D. Fla. Oct. 31, 2013) (quoting *Thyssenkrupp Elevator Corp. v. Hubbard*, No: 2:13-cv-202-Ftm-29SPC, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013)).

The Court finds Plaintiff has established good cause for limited expedited discovery.  Although there is no pending motion for preliminary injunction, that factor is not dispositive.  *See e.g., Max'is Creations, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-22920, 2021 WL 4077957 (S.D. Fla. Sep. 7, 2021) (observing that "the entry of a TRO weighs in favor of allowing [expedited] discovery" but is not "dispositive"); *see also Pulsepoint, Inc.*, 2013 WL 12158589, at *1 (granting expedited discovery without a pending preliminary injunction motion).  The remaining factors favor grating the narrow relief Plaintiff seeks.

Here, Plaintiff's request is limited in scope and narrowly tailored to a reasonable objective— effecting service of process, which the district court previously allowed through electronic means.  *See* [ECF No. 24]; *see also Max'is Creations, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-22920, 2021 WL 4077957, at *2 (S.D. Fla. Sep. 7, 2021) (permitting limited early discovery so plaintiffs could "identify the [d]efendants and the accounts used in the infringement in order to properly serve [d]efendants with notice of th[e] action" and other case-related matters).  Finally, because Plaintiff limits its expedited discovery request to certain identifying information, the burden of compliance on the third-party platforms and payment processors appears minimal.

2

Importantly, and recognizing the limited purpose of this expedited discovery, we do not find it necessary for these third parties to supply "all documents and records" relating to Defendants' identities. The identity information *is* what would allow Plaintiff to effect service, not the documents bearing that information. Moreover, we have expanded the response deadline from Plaintiff's requested seven days to fourteen days, which will further ease the burden of compliance. Under these circumstances, the Court concludes that the balance of factors weighs in favor of permitting limited expedited discovery.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for Defendants, or in connection with Defendants' Seller Aliases, including online marketplace platforms such as AliExpress.com, Amazon.com, Inc., Dhgate.com, eBay, Inc., WhaleCo, Inc., Walmart, Inc., Roadget Business PTE Ltd., and Context Logic, Inc., d/b/a Wish.com, shall, within **fourteen (14) days** after receipt of such notice, provide to Plaintiff expedited discovery relating to:

    a.  the identity and location of Defendants, their affiliates, officers, agents, servants, employees, attorneys, and any persons acting in concert or participation with Defendants, including all known contact information and all associated e-mail addresses.

**DONE AND ORDERED** in the Southern District of Florida on June 25, 2026.

_____

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc:  counsel of record